E. R. MERCER v. E. N. WARFIELD'S G'D'N.

[Abstract Kentucky Law Reporter, Vol. 1—273.]

**Suit to Set Aside Conveyance.**
> For evidence held to be insufficient to set aside a conveyance claimed to have been made fraudulently, see opinion below.

**Rights of Creditor to Set Aside a Conveyance.**
> A creditor who holds the only claim against the vendor of real estate, and where it is shown that the debtor has other property sufficient to discharge such debt, cannot successfully attack a conveyance made by his debtor.

APPEAL FROM HARDIN CIRCUIT COURT.

September 28, 1880.

OPINION BY JUDGE HINES:

There is no brief for appellee in this case, but from a careful examination of the record it appears that appellee seeks to set aside on the grounds of fraud and no consideration a conveyance from N. J. Duncan to appellant. The conveyance was made and recorded in March, 1871, and this suit to set it aside was instituted in April, 1872. The petition insists, as an evidence of fraud, that the land which the deed recites was sold for $3,500 was worth at the time $6,000. Upon this point the evidence fixes the value at from $3,000 to $3,700. The evidence discloses the fact that appellant was amply able to pay for the land, and that he, at the time of the conveyance, had advanced for and paid to Duncan the larger part of the $3,500, and that when this suit was brought the whole of the consideration had been paid.

It is also shown that the debt for which the attempt to subject the land is made is the only debt owing by Duncan, and that he has other property sufficient to satisfy the claim. The only facts appearing to raise even a suspicion of fraud are that the deed ex-

presses that the whole of the consideration had been paid, and further, that appellant paid two small debts, amounting to about $1,000, to have dismissed a proceeding in bankruptcy against Duncan charging that the conveyance to appellant was an act of bankruptcy, after appellant had stated that he had paid Duncan in full. The form of the deed is usual, when no lien is retained, and no importance should be attached to it. Nor do we think that any conclusion unfavorable to appellant should be drawn from the payment of the debts to quiet the proceedings in bankruptcy. He had the undoubted right to buy his peace in that way. Whatever the circumstances might amount to, if connected with other evidence of fraud or no consideration, standing alone as it does it amounts to nothing.

Judgment *reversed* and cause remanded for further proceedings.

*Montgomery & Poston, for appellant. W. F. Bell, for appellee.*